Good morning, Your Honors. May it please the Court. Krista Hart on behalf of Mr. Jingles. I would like to reserve four minutes for rebuttal. This is a Fifth Amendment due process presentment clause case. The case of Sterone and the progeny following Sterone clearly indicate that any material fact that must be must be presented in the indictment prior to going to trial. Here, that did not happen. Here, the government alleged the drug of cocaine and the amount of 500 grams in the indictment. However, at trial, not during instructions, because the Court didn't instruct on cocaine base, but the jury verdict form modified, constructively amended that by allowing the jury to find Mr. Jingles guilty in counts 21 and 22 of possession of cocaine base. Did defense counsel bring the constructive amendment to the attention of the judge with respect to the jury verdict form? It does not appear so. What's the effect of failing to raise that defect, as you put it, in the jury verdict form? Isn't that the same as failing to raise an objection to an instruction? I would disagree with that, because here this is a structural error that infects the entire process, at least as to those two counts. And so what kind of error? Structural. You got a case on that? Well, the case of Sterone actually says that this is structural error. The question of whether the issue was waived because the defendant did not object, no, I don't have a case on that issue. But this is structural error. And regardless of whether the defendant objected at trial or not, this infected the process at those two, for those two counts, 21 and 22. Why wouldn't it be plain error if there was no objection? Because we're in the position of a 2255 motion. This is not direct appeal, and so the – there's either a constitutional error or it goes to the harmless error analysis. What's your authority for that? Well, all of the cases that I ran across addressed it in that context, that it was structural error if it affects a constitutional right. And you can then go to the harmless error analysis in the post-conviction setting. But it's on a direct appeal when the plain error analysis is relevant. The question was, when there's no objection, why isn't this plain error? If it's structural error, what is your authority for that? If, in the direct appeal in this case, when the defense – the appellant's attorney did not raise this issue, in that context, the issue would have been plain error. However, because we're in the 2255 posture, it's – this is a de novo review. And so the court reviews the district court's decision anew. And if there's an error, the question is, is it structural or is it plain? Harmless. You mean any error at all on 2255? Isn't this kind of like habeas at 2255? Yes, it is. We don't do a new appeal on factual determinations. I'm sorry? We don't do a new appeal on factual determinations. No, correct. And I assume that you're going to be looking towards ineffective assistance. Yes. That is an issue that's been raised, is the ineffective assistance of counsel. So are you saying that when we have a constructive amendment on habeas, we grant the petition without any consideration of prejudice? Is that what you're saying? Yes, because in this context, one of the arguments is that trial counsel was ineffective for not objecting to this and not raising it. And then the question goes, is that constitutional deprivation that the client did not receive the effective assistance of counsel, does that go to the heart of the – those two counts, requiring reversal, or is it harmless error? Your prejudice is because crack cocaine carries a longer sentence than powder cocaine. That's correct, Your Honor. That is correct. And so the reliance on Apprendi in this context is, it appears, misplaced. This Court specifically addressed the certified issue to consider, which was, was the drug named in the indictment from cocaine to cocaine base. Apprendi deals with a Sixth Amendment trial error. And this is not a Sixth Amendment trial error. This is a Fifth Amendment due process presentment clause error. Like Stirone. Correct. And just like Stirone, in that case, the defendant was charged with a violation of the Hobbs Act. And the elements of the Hobbs Act, which are laid out in Stirone, does not include the object, the item that's they're discussing. And in Stirone, they're talking about sand, and did the defendant try and obstruct the transport of sand across State borders. But at trial, they discussed steel. And the Supreme Court found that that was a constructive amendment requiring reversal, because that was not presented to the grand jury, and there is no way to know if the grand jury would have found an indictment based on steel. I can understand the government's argument, quite honestly, about Apprendi, because Apprendi says the jury must find the facts. They found him guilty of dealing with base cocaine. Isn't that true? That is correct. So Apprendi doesn't even apply. That's correct. All right. Thank you. It's a Fifth Amendment issue. Thank you. I'd like to have you talk to me a little about ineffective assistance of counsel. Of course, that can be cause for cause and prejudice, so it's key to your case. And your position is that counsel did not raise this, right? That's correct. But he raised what he called a variance, and he raised it very specifically. Now, you and I know that there's – variance isn't the same as a constructive amendment, but as you read his trial brief, his brief on appeal, at pages 24 to 27, it really sounds like he's talking about a constructive amendment. Now, if, in fact, he calls it variance rather than constructive amendment, but argues constructive amendment, isn't that sufficient? Can you really say in this complicated area that a competent counsel could do that without offending Strickland? I would – my reading of the brief in that case is a little bit different, because counsel actually cites to Apprendi in that, and counsel talks about the district court not having jurisdiction based on omissions in the indictment, which that's not what we have here. We don't have omissions in the indictment. Count 21 and Count 22 were appropriately, correctly, and appeared to be accurately pled by the government. It's just that during the course of trial, they – it's unclear even if they presented evidence, quite frankly, but the jury verdict form allowed the jury to find him – to find him guilty of a different offense. Kennedy, somebody made a mistake. Now, the statement that he makes on page 25 of his brief, the Supreme Court has explained, and then he quotes, that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him, close quote, and cites Sterroni. I mean, he's right on the argument that you say should have been made, and he's making that argument. Well, he makes that in one line. The rest of his argument couches it more in the fact that the district court did not have jurisdiction, which is not – Well, listen to this. Consequently, appellant received a sentence for a crime with which he was not charged and was not convicted. I mean, that's different. That's right Sterroni. That is correct. So if he says variance, but argues the argument is there, and even cites the case that you and I agree applies, Sterroni, why would we say that that's sufficient to be a violation and be caused? Because the vast majority of the argument does not address that, and the Court's opinion does not address that. The Court's opinion talks about the other parts of his argument. That's – that was the Court's problem. We're talking now about ineffective assistance of counsel, and it seems to me that how would we say that he didn't have that argument before judges of reasonable intelligence, which we're going to assume, unless you can show us otherwise? In that regard, Your Honor, when it's a significant portion of the brief and there's only two lines, three lines, and the majority of that argument goes to the jurisdictional issue. I got a half a page here. That's – should have been picked up, I would think. Okay. Well, I see your argument. But I think also in regards to the procedural bar issue, the actual innocence claim also excuses any procedural bar, because the jury actually specifically found Mr. Jingles not guilty of counts 21 and 22 in relation to what he was actually charged with. So the jury actually found him not guilty. When you say one or two lines, notice his conclusion. What was alleged here and what the defendant was sentenced for are two different crimes, and the district court exceeded its jurisdiction in sentencing appellate for a crime with which he was never charged, thus depriving him of the constitutional right to answer only for those crimes presented by the grand jury. That's pretty good, isn't it? I agree with that, but that's a jurisdictional argument, and we're arguing constructive amendment. You're arguing that he was charged with a crime that was not with – that's what he said here. Correct. I don't see the difference. Okay. Well, thank you for your response. Good morning. May it please the Court. My name is Jared Dolan on behalf of the United States. Counsel, could I just interrupt this? Why are you calling this Apprendi error? Your Honor, I'm calling it Apprendi error because the quantity – it's basically similar to the Supreme Court's decision in Cotton. Just because you submit the quantity to the jury and prove it beyond a reasonable doubt, Apprendi said in Cotton recognized that it has to be charged in the indictment to be okay under Apprendi. Here, it wasn't charged in the indictment. And so that is technically Apprendi error. Now, I mean, the fact is that this case was tried when we knew a lot less about all of these issues than we do now. Apprendi, Blakely, Booker, Cunningham. I mean, I think the law is a lot more clear now. And what the United States did is we tried to give the defendant all of his due process rights by submitting the issue to the jury and having them find it beyond a reasonable doubt. Now, in that regard, I want to correct, one, what I see as a factual inaccuracy. This was not just a trial about powder cocaine. This was a trial about a man who was taking cocaine powder and converting it to cocaine based. And that was an issue that was charged in the indictment and proven to the jury beyond a reasonable doubt. We're only dealing with two counts here, 21 and 22? Yes, Your Honor. But one of the defendant's arguments here is that this was nowhere else in the indictment, that there was nowhere else in the indictment. How many was he convicted of? How many charges? Yes. How many counts? More than ten. I mean, there's the fact is that there's three life sentences here running concurrent to a term of over 400 years. Over 400 years plus life? Plus three life. Yeah, my goodness, you'd have to be Adam to be able to get to the life part. As defense counsel put it at sentencing, he would have to live to a biblical age. Yes. Well, but you haven't suggested that this is harmless error. What you're saying is that no matter how we decide this, he's still going to be in jail a long time. That is true, Your Honor, although I do think it's harmless error. I think the jury found him guilty of the crime beyond a reasonable doubt and found the relevant quantities beyond a reasonable doubt. Now, as to the constructive amendment issue, Your Honor decided in SUA in 2002 that drug quantity and type are not elements of an 841 charge, and that's the essential difference between constructive amendment and a variance. The variance claim that was raised almost word for word, as the Court pointed out, in the appellate brief, I mean, maybe it's a different legal theory here today, but this Court's already ruled on this issue for all intents and purposes. The Court shouldn't rule on it again anew just because counsel raises the same arguments under a new legal theory. It's the same thing. I do want to point out that count one of the indictment charged the defendant with conspiracy to possess both cocaine powder and cocaine base in the relevant quantities, and so this was not an issue of unfair surprise. This is not an issue where the defendant did not know the charges that he was going to be facing at trial. He was facing the most serious drug charges there are, continuing criminal enterprise and a variety of tax offenses, possession offenses, and the jury found it all beyond a reasonable doubt. They did acquit on a few counts. A few counts were dismissed. Is it your position that there's no difference in the sentencing between cocaine powder and cocaine base at the time he was convicted? No, Your Honor. So they're two different crimes. No, Your Honor. I think this Court's found, I believe, in Tolliver, that drug type is not an element of the offense. It's a functional equivalent of an element under Apprendi, but think of it this way. If the jury had simply found him guilty on counts 21 and 22, which they did. On cocaine powder. Well. They found him not guilty. Well, I respectfully disagree. If you turn to the verdict form, which is on page 57 of the appellant's supplemental excerpts of record, this is count 22, for example, they found him guilty first of the exact charge as it was in the indictment, and then there was a special interrogatory as to drug type and to drug quantity. If they had said no as to all of that, that they weren't able to reach a unanimous verdict on the. Well, the only reasonable way to read that is if I'm guilty of cocaine base and not guilty of cocaine powder. Right. Yes, Your Honor, but that isn't an element under Winship. It's not an element of the offense. The government doesn't have to prove drug type or drug quantity. That was the Court's holding in Sewa. That's not an element of the offense as it has to be charged under 841. The government simply has to prove that there was a controlled substance, not its type and not its quantity. And if the jury had found no as to both cocaine powder and cocaine base, if they had found no as to both cocaine powder and cocaine base, that would have been a different verdict on drug type. You keep talking about drug type. They're totally different drugs, aren't they? The elements of one are not the elements of the other. Your Honor, they are totally different drugs, but it's the same count. It's 21 U.S.C. 841. The only relevance drug type has. Kennedy, your charge, I take it your argument, is if they charged him with possession of marijuana and the verdict was the possession of heroin, would that be okay, too? Your Honor, there I think it would be a stronger case for material variance, because then maybe there's a case of unfair surprise that the defendant didn't know the exact charge that he was facing at trial. That wasn't the issue here. But when you're looking at drug type, whether it's cocaine, cocaine base, marijuana, heroin, that's not an element of the offense. You don't have to prove what drug he had to find him guilty as charged. It's relevant to punishment. It's relevant because the penalties for cocaine powder are significantly less, and they were much significantly less at the time, as opposed to cocaine base. I mean, that's undisputed. But as the court found in SUA and as every court has found since, it's not an element of the crime under Winship that has to be proven beyond a reasonable doubt to find the defendant guilty. It's just a different statutory maximum, 20 years under 841. The other thing I want to point out is that there really is no support for any of the defendant's argument that this is a structural error. When you think of structural error, I mean, it's deprivation of the right to counsel, choice of counsel under the Gonzalez case a few years ago in the Supreme Court. I think of a racially discriminatory or biased jury pool. But no court has ever found that this is structural error. Crawford v. Washington, the confrontation clause is not structural error. Booker is not structural error. Being sentenced under, erroneously under a mandatory guidelines regime after Booker, this Court held, that's not structural error. Structural error is an extremely limited class of cases. Ginsburg. Did you brief this issue? No, Your Honor. I believe the defendant raised it for the first time in the reply brief. So I'm talking about it now. I found nothing in your brief. Right. And that's why – but, I mean, the other thing is, you know, we talked about de novo review earlier. It's hard to say that that's the standard of review because I don't know what this Court is reviewing. This wasn't raised in the defendant's initial 2255. He didn't raise it. He raised it in his traverse two years later. And so when this Court granted a certificate of appealability to address this issue, this issue wasn't raised within the – in his initial 2255. He raised a constructive amendment claim as to a different count. But he didn't raise any of the issues that we're talking about today. And so for that reason alone, it's hard to say, you know, de novo, harmless error. I mean, the district court didn't make a decision at all on this because it wasn't presented in the 2255. And so if for no other reason than that one, this Court should affirm the judgment below, because the issue wasn't raised. If the defendant wants to raise it, there's a mechanism for him to do so, a supplemental, a second and successive 2255. He can ask this Court's permission to do it. Of course, there's a time bar because the defendant waited until two days before the expiration of the statute of limitations to raise – to bring his initial 2255. But it goes more to the point that this issue, while the Court can address it and this the similarity of the issues, and so I think it's fairly before the Court now, it's hard to say that it was raised initially in the 2255. And that issue I did bring. If the Court has no further questions, I'd submit it. Ginsburg, let me just ask you a question. Suppose we grant the petition without deciding, what would be the remedy? Your Honor, I think – I want to talk about two issues there. I want to talk about the remedy as to this count, these counts, and then the remedy as to the CCE count, count 2. Well, as to the – Because those issues are – that's what the defendant argues. As to these counts, I think the remedy is to remand the case for imposition of the statutory maximum where no drug type is alleged, that being 20 years on both counts, because that's the error here. As to the CCE count, that has nothing to do with counts 21 and 22, its validity. Even if that was a predicate. Well, then, you want the Court to sentence under 841 to a 20-year maximum rather than life? No. No, Your Honor. Respectfully, I'd ask the Court to remand the case for resentencing, and at that resentencing, the statutory maximum would be 20 years. But why could there be a resentencing if it was on cocaine powder, which the jury verdict found he was not guilty of? How could you resentence on a not guilty verdict? Well, Your Honor, I suppose I'd still believe respectfully that the jury found him guilty of the offense, and the only relevance of cocaine powder and cocaine base is for sentencing purposes. They found that he possessed a controlled substance, and the difference between    for the use of cocaine powder and cocaine base is not a material amendment to the indictment, as this Court found in Suwa. For the purpose of finding guilt? Yes. But it is a material – it is a constructive amendment for the purpose of sentencing? Well, I respectfully disagree, but if this Court finds that it makes a difference, that it's a functional element of the offense, I don't think it affects guilt. I think it affects punishment. And so the Court should remand in accordance with finding that the statutory maximum that the defendant can be sentenced in on those two counts is 20 years. You've lost me. If this were a direct appeal, I would have been very interested in what's being said. But it isn't. It's 2255. Yes, Your Honor. We have to find some constitutional violation, and we have to find prejudice, cause and prejudice. And we've been going along the line of ineffective assistance of counsel and those things. I don't quite understand how we got to almost like a direct review that we're going to send it back to the district court to resentence. That – is that the way we handle 2255s? I hope not. I was trying to respond to the Court's question, but I agree. I mean, I think counsel was effective in this case. I think the material – the variance claim that was raised in the direct appeal. I mean, this Court said in Adamson that the line between material variance and constructive amendment is a thin one. It's shadowy. It's hard to understand. Most lawyers don't understand it. I don't know that I understand it. But the fact that it was raised in the direct appeal, it's hard to see how that is ineffective assistance of counsel, where, you know, the job of an appellate advocate is to make arguments, winnow out weak arguments, and unless counsel files an Anders brief or just totally misses an issue, it's hard to see how that's ineffective assistance of counsel. Here, the issue was raised. I mean, it wasn't raised under the precise legal theory that you've heard today, but it was raised in every other sense. And this – Suppose we think – we conclude that you're correct, that there's not been an effective – ineffective assistance, and therefore, cause and prejudice hasn't been shown. What do we do then? You affirm, Your Honor, because the issue's been procedurally defaulted. Affirm the 2255, not what the trial court did. Yes, Your Honor. Well, yes. I mean, the trial court of the case were affirming the 2255 ruling of the district court. Yes, Your Honor. And again, that's the hard thing here, because you're right, the district court didn't find this issue procedurally defaulted, but that's because this issue wasn't raised. And so the court couldn't have found it procedurally defaulted, and there's a lot of issues associated with that. Briefly, I do want to address the CCE, because that is the other portion of the remedy in this case raised by the defendant. If you lose one predicate of the CCE, it requires three, three continuing drug violations to support a continuing criminal enterprise charge. If you lose one under this Court's holding in Ramos-Oseguera, the – it still survives if you have more – if you have more than the required three. And in that case, the count that they lost on appeal was a gun count, 922G or 924C1, where it wasn't a valid CCE predicate. It has to be a drug violation. It can't be a gun violation. And so even though they lost that gun count, the CCE was still held as valid because there were many more than the required three continuing violations. I see my time has expired. If the Court has further questions. Thank you. The petition, the 2255 petition in this case, was a pro se petition that Mr. Jingles prepared himself in prison. And in the last claim, he does raise – he cites de Sterone and he raises constructive amendment in his petition. In his traverse, he expands on that. When he refers to the indictment, though, he refers to the indictment as being the initial indictment in this case. What the district court did in evaluating the 2255 motion was said, well, Mr. Jingles ignored the fact that a superseding indictment was filed in this case, therefore I'm not deciding this issue. Which is important here because the original indictment in this case only charged one defendant, Walter Dawson, with two counts. After the case had been pending for about a year, the government added about 15 other defendants and about 50 other counts. And this case went from a single defendant, small case, to a very large conspiracy case. So the district court judge is to construe pro se petitions liberally. So even though Mr. Jingles may have specifically referred to the indictment, which was filed on the opening date of the case, it's clear that's not the indictment he was referring to. So the district court simply passed on the whole issue and didn't decide whether this was properly before the court or whether it was procedurally defaulted. So the Apprendi case here, which the government is relying on quite heavily, refers to a longstanding history that anything that is going to increase a penalty must be charged in the indictment. That means drug quantity, drug type. If it's going to affect a penalty, it must be charged in the indictment. And Apprendi itself refers to the United States Supreme Court case of Jones v. United States, 526 U.S. 227, to say that any fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. Now, that's case law that Apprendi was relying on. Thus, that means the government has an obligation to present that to the jury. Then Sterone tells us that anything that broadens the indictment must be resubmitted to the jury. So arguably, if the government has committed to cocaine, they want to broaden the indictment by including cocaine-based, that should have been resubmitted to the jury, the grand jury. I'm sorry. So the government saying that quantity wasn't alleged or type wasn't alleged in the indictment and therefore we should just fall to the default rule is completely inaccurate. Because here, as Your Honor noted, when asked about, when the jury specifically asked, do you find Mr. Jingles guilty beyond a reasonable doubt of possessing cocaine, they say no. They explicitly write no. So they have made a finding of not guilty as to counts 21 and 22. So we can't simply vacate and remand for resentencing. Those counts have to be vacated. And he is serving two life sentences, one on 21 and one on 22. And he is serving a determinate term of 540 years on the remaining counts. And it's difficult in this case because the conspiracy here lasted more than six years, from 1993 to 1999. What remedy do you seek from us? The jury has found him not guilty of counts 21 and 22. And so that not guilty verdict has to be entered into the record. And the sentence vacated. Thank you very much. We're out of time. All right. The case of the United States of America v. Jingles is submitted.
judges: Wallace, Nelson, Bea